# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAMADOU MOUSTAPHA SIDY BA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  1:24-cv-01154 (UNA) |
| ) | |
| LEGAVOX, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.  The court grants the IFP application and, for the reasons discussed below, it dismisses the complaint without prejudice.

Plaintiff, who resides in Senegal, sues a French website called Légavox.  *See* Compl. at 1–2.  The complaint is far from a model of clarity.  As far as it can be understood, plaintiff alleges that, while he was browsing the website, defendant collected his data and information, and established an account in his name, without his consent. *See id.* at 4.  He seeks $70,000 in damages. *Id.*

*Pro se* litigants must comply with the Rules of Civil Procedure.  *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498

(D.D.C. 1977). "[A] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls squarely into this category, failing to provide defendant or this court with notice of his intended claims or a clear basis for this Court's jurisdiction.

To that same end, plaintiff has failed to establish this court's subject matter jurisdiction. *See generally* 28 U.S.C. §§ 1331 and 1332. The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, *id.* § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id.* § 1332(a). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

First, plaintiff has not stated a federal question. *See* 28 U.S.C. § 1331. He neither cites to any federal authority, nor can the court otherwise discern a federal question from the allegations as presented. Second, plaintiff has failed to establish diversity jurisdiction. Neither plaintiff nor defendant are domiciled in the United States; therefore, this matter fails to qualify under any of the subsection of 28 U.S.C. § 1332(a); *see also id.* § 1332(c). Moreover, the amount in controversy falls below the $75,000 threshold. *See id.* § 1132(b).

For all of these reasons, this case is dismissed without prejudice. An order consistent with this memorandum opinion is issued separately.

Date:  May 24, 2024

                                          _____/s/_____
                                               AMIT P. MEHTA
                                       United States District Judge